UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYAN PENNINGTON, ) | |
| ) | |
| on behalf of himself and all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-5 SNLJ |
| ) | |
| INTEGRITY COMMUNICATIONS, LLC, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed a seven-count complaint against defendants Integrity Communications, Inc., Integrity Communications, LLC, Holly Rehder, and Ray Rehder, seeking to recover unpaid wages, liquidated damages, attorney fees, and other relief from defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA"), the Missouri Minimum Wage Law, §290.500 R.S.Mo. et seq. ("MMWL"), and Missouri common law.  Plaintiffs have filed a motion to conditionally certify the class they seek to represent (#43).  The matter has been fully briefed and is now ripe for disposition.

I.      Background

According to the Second Amended Complaint, plaintiffs Bryan Pennington and Stephen Pennington, Sr. install cable components (cable and cable boxes) for the defendants.  Although the defendants classified the plaintiffs as independent contractors and paid them "piece rate

wages" (meaning they were paid by the job), plaintiffs state that they were misclassified and are instead employees of the defendants.  Plaintiffs state that they were paid by the job, called "piece work," but that they were not paid for all the jobs completed.  They complain that they were not paid overtime or for expenses related to travel, that their work hours were not recorded, and that defendants have failed to keep records for employees sufficient to determine employee wages and hours in violation of the FLSA.  Plaintiffs state that they were required to work evenings and weekends without overtime compensation, and that they were required to wear shirts imprinted with defendants' logo and to present themselves as defendants' employees.  Defendants supplied plaintiffs' tools, but plaintiffs were required to pay defendants for the tools (Bryan was required to return the tools to defendants but was not reimbursed for their return).   Defendants directed and controlled when plaintiffs reported to scheduled jobs, where to report, when the workday ended, and how to perform necessary services.  Defendants also required plaintiffs to attend mandatory training meetings for which they did not receive compensation.

Plaintiffs allege that, had they been properly classified as employees rather than independent contractors, they would have been permitted access to defendants' health, dental, and vacation pay plans.  Plaintiffs allege that defendants gained excess profits by misclassifying plaintiffs as independent contractors.  Further, plaintiffs state that Bryan was terminated as a result of his complaints regarding defendants' allegedly illegal wage and hour practices.

**II.     Motion to Conditionally Certify Class**

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on his own behalf as well as for those "similarly situated."  The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase.  *Huang*

2

*v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008).  However, district courts in this Circuit have conducted a two-step analysis to determine whether employees are "similarly situated."  *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016-17 (E.D. Mo. 2010).  The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case.  *Id.*  The second step is the "merits stage," which takes place after discovery and during which defendants may move to decertify the class.  *Id.* at 1017.  We are in the first stage of that analysis.

Plaintiffs' burden at the "notice stage" is not onerous:  conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Id.*  Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence.  *Id.*  "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations."  *Id.*  The Court does not need to determine whether class members are *actually* similarly situated until the "merits stage" of the litigation, when defendants typically move to decertify the class.  *Id.*

**III.   Discussion**

Plaintiffs claim that defendants had a corporate-wide common policy or plan where they misclassified cable installers as "independent contractors" instead of employees and required them to work more than 40 hours per week without overtime pay.  As a result, they say, plaintiffs and those similarly situated were deprived of wages and benefits to which they were entitled.  Plaintiffs seek to conditionally certify a class of similarly situated employees over the past three years.

"In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiff's affidavits." *Id.* (citing *Huang*, 248 F.R.D. at 227).  Here, each of the plaintiffs has submitted a declaration stating that he worked as a cable installer for the defendants but was paid by the "job," not by the hour.  Plaintiffs declare that their work schedules were controlled by the defendants, and that they were not permitted to hire helpers.  Plaintiff declare that they worked more than 40 hours per week — averaging 50 to "at least" 70 hours — but that they did not receive benefits nor were they paid overtime.  Plaintiffs also allege that they "witnessed and was aware of other cable installers who installed cable for [defendants'] customers, who traveled out of state to install cable, who traveled from workplace to workplace during their workday, and who worked evenings and weekends, which resulted in cable installers working over forty (40) hours per week."  Plaintiffs do not allege that those "other cable installers" were not paid overtime or that they were also paid by the job, and defendants oppose conditional class certification on this basis, among others.  Put another way, the "other cable installers" who were observed to work more than 40 hours per week *may* have been paid overtime rates, and in that case there would have been no violation as to them.  Thus, plaintiffs' declarations are missing a critical step.

For that reason, the Court cannot agree that plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Littlefield*, 679 F. Supp. 2d at 1016-17.  Plaintiffs have not shown that the class of employees they seek to represent are "similarly situated."  It is possible, however, that plaintiffs can remedy that defect.  Thus the Court will deny the motion without prejudice.  Plaintiffs may refile their motion with new supporting declarations if they are able to put forth the evidence required.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to conditionally certify the class (#43) is **DENIED without prejudice**.

Dated this  11th  day of October, 2012.   _____
UNITED STATES DISTRICT JUDGE