# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYAN PENNINGTON, | ) | |
| | ) | |
| on behalf of himself and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-5 SNLJ |
| | ) | |
| INTEGRITY COMMUNICATIONS, LLC, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is plaintiffs' second motion to conditionally certify the class they seek to represent in

an action against defendants Integrity Communications, Inc., Integrity Communications, LLC,

Holly Rehder, and Ray Rehder (#73). Plaintiffs seeking to recover unpaid wages, liquidated

damages, attorney fees, and other relief from defendants for violations of the Fair Labor

Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), the Employee Retirement Income Security Act,

29 U.S.C. §1001, et seq. ("ERISA"), the Missouri Minimum Wage Law, §290.500 R.S.Mo. et

seq. ("MMWL"), and Missouri common law.

This Court denied without prejudice the plaintiffs' first motion to conditionally certify the

class on October 11, 2012 (#67). In that Memorandum and Order, the Court held that the

plaintiffs had not made "substantial allegations that the putative class members were together the

victims of a single decision, policy or plan." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.

Supp. 2d 1014, 1016-17 (E.D. Mo. 2010). The Court noted the possibility that plaintiffs could

remedy that defect and thus permitted plaintiffs to refile their motion with new supporting declarations if they are able to put forth the evidence required. Plaintiffs have now filed their renewed motion, and the matter has been fully briefed.

## I. Background

According to the Second Amended Complaint, plaintiffs Bryan Pennington and Stephen Pennington, Sr. install cable components (cable and cable boxes) for the defendants. Although the defendants classified the plaintiffs as independent contractors and paid them "piece rate wages" (meaning they were paid by the job), plaintiffs state that they were misclassified and are instead employees of the defendants. Plaintiffs claim, among other things, that they were thus improperly compensated and improperly denied access to defendants' health, dental, and vacation pay plans.[1]

## II. Motion to Conditionally Certify Class

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on his own behalf as well as for those "similarly situated." The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008). However, district courts in this Circuit have conducted a two-step analysis to determine whether employees are "similarly situated." *Littlefield*, 679 F. Supp. 2d at 1016-17. The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case. *Id.* The second step is the "merits stage," which takes place after discovery and during which defendants may move to decertify the class. *Id.* at 1017. We are in the first stage of that analysis.

---

[1]Further details are provided in this Court's October 11, 2012 Order (#67).

Plaintiffs' burden at the "notice stage" is not onerous: conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence. *Id.* "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Id.* The Court does not need to determine whether class members are *actually* similarly situated until the "merits stage" of the litigation, when defendants typically move to decertify the class. *Id.*

## III. Discussion

Plaintiffs claim that defendants had a corporate-wide common policy or plan where they misclassified cable installers as "independent contractors" instead of employees and required them to work more than 40 hours per week without overtime pay. As a result, they say, plaintiffs and those similarly situated were deprived of wages and benefits to which they were entitled. Plaintiffs aver in their amended declarations that they witnessed and were aware of other cable installers being improperly labeled as independent contractors and being compensated inappropriately. Further, plaintiffs state that they had conversations with other cable installers, and also overheard conversations, in which it was discussed that cable installers were not being compensated for all of the piece work they performed and that they were not paid overtime or minimum wage.

Defendants respond that plaintiffs' amended declarations fail to justify conditional class certification because they are not supported by admissible evidence. As noted above, plaintiffs must support their motion with admissible evidence. *See Littlefield*, 679 F. Supp. 2d at 1017. Defendants correctly observe that plaintiffs' declarations contain hearsay, which may not be

relied upon unless subject to some exception.  Fed. R. Evid. 802.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, each plaintiff stated that one or more individuals "told me that they were not compensated for all of the piecework for which they performed for [defendants]."  Those and other out-of-court statements are undoubtedly being offered for the truth of the matters asserted.

Plaintiffs do not contend that the statements are subject to an exception to the hearsay rule. Rather, plaintiffs argue that courts routinely grant conditional certification despite reliance on hearsay testimony.  Plaintiffs cite to the *Littlefield* memorandum and order as an example. However, in that case, the declarants' statements were based on personal knowledge through observation and not on information obtained solely from other individuals.  *See Littlefield v. Dealer Warranty Servs., LLC*, No. 4:9cv1000-DDN, ECF Doc. #26 (E.D. Mo. Sept. 21, 2009). Judge Noce did not specifically address the defendant's hearsay objection in his memorandum, but it appears that the declarants' statements were not, in fact, hearsay.  In that case, the declarants worked directly with the other similarly-situated employees and some declarants had experience with the company's compensation system.  *See id.*  The declarants were thus able to share their direct observations rather than rely on hearsay to prove the existence of a class.

Because in this case the plaintiffs' declarations in support of their motion rely on inadmissible hearsay — especially on the critical issue of whether other employees were in fact not paid for overtime —  plaintiffs' motion remains unsupported. However, plaintiffs may proceed with their claims individually and may, through the course of discovery, uncover admissible information sufficient to support that a class of similarly situated individuals exists.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' renewed motion to conditionally certify the class (#73) is **DENIED without prejudice**.

Dated this __29th__ day of January, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE