UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYAN PENNINGTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:12CV5 SNLJ |
| | ) |
| INTEGRITY COMMUNICATIONS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel production of documents from defendants. The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will deny the motion to compel.

**I.  Background**

Plaintiffs' multi-count complaint against defendants Integrity Communications, Inc. ("Integrity"), Integrity Communications, LLC, Holly Rehder, and Ray Rehder (collectively, "defendants"), seeks to recover unpaid wages, liquidated damages, attorney fees, and other relief from defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), the Missouri Minimum Wage Law, § 290.500 RSMo. et seq. ("MMWL"), and Missouri common law. Plaintiffs Bryan Pennington, Stephen Pennington, Sr., and Stephen Pennington, Jr. worked as cable installers performing work order for defendants. Although the defendants classified the plaintiffs as independent

contractors and paid them "piece rate wages" (meaning they were paid by the job), plaintiffs allege that they were misclassified and were instead employees of the defendants. Plaintiffs complain that they were not paid overtime or for expenses related to travel, that their work hours were not recorded, and that defendants failed to keep records for employees sufficient to determine employee wages and hours. Plaintiffs state that they were required to work evenings and weekends without overtime compensation and they were not reimbursed for travel expenses. Plaintiffs allege that defendants failed to pay them minimum wage and overtime wages. Plaintiffs allege that, had they been properly classified as employees rather than independent contractors, they would have been permitted access to defendants' health, dental, and vacation pay plans.

## II.     Legal Standard

The Federal Rules of Civil Procedure relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is

relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 4:10CV1863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012).

## III. Discussion

Plaintiffs contend that defendants' production of documents is deficient in four areas: 1) documentation of defendants' contact with and control over its cable installers; 2) documentation related to written policies or procedures; 3) documentation specific to the work of cable installers and related requirements upon cable installers by defendants; and 4) documentation of defendants' recruitment, placement, and advertisement of cable installer employment. Plaintiffs allege these deficiencies were revealed during the deposition of Integrity's corporate designee, Ray Rehder. Plaintiffs argue that the deficiencies, at least in part, are a result of defendants' failure to conduct meaningful paper and electronic searches for discoverable information.

In response, defendants maintain that they have conducted meaningful searches and have produced the results of those searches. It does appear from the deposition of Integrity's corporate designee, Ray Rehder, that defendants had not conducted exhaustive paper and electronic searches prior to his deposition. However, in their filings in response to the motion to compel, including a status report requested by the Court on this issue, defendants have assured the Court that they have conducted exhaustive paper and electronic searches and have produced the results of those searches. Defendants argue that plaintiffs are attempting to create a discovery dispute where none exists.

3

The vast majority of plaintiffs' complaints regarding the alleged deficiencies in production fall into two categories: 1) defendants' objections to providing information related to cable installers other than plaintiffs Bryan Pennington, Stephen Pennington, Sr., and Stephen Pennington, Jr.; and 2) defendants' alleged failure to produce all documents relevant to plaintiffs' requests. The Court will sustain defendants' objections to all requests for production that seek documentation related to cable installers other than the three named plaintiffs. In fact, such requests are contrary to the Court's case management order which provides: "Discovery shall be confined to the cases of the named plaintiffs until such time that conditional class is certified." Here, the Court denied plaintiffs first and second motions for conditional class certification and plaintiffs withdrew their third motion. Accordingly, there has not been conditional class certification and discovery is limited to the three named plaintiffs.

The true nature of plaintiffs' second category of complaints – alleging defendants have failed to produce a multitude of documents – is, in fact, plaintiffs' dissatisfaction with, and disbelief of, defendants' responses that the documents requested *do not exist*. For discovery disputes, this Court has the authority to overrule objections and order that documents that exist be produced. According to defendants, they do not maintain, and have never created, most of the documentation requested by plaintiffs. The Court cannot order plaintiffs to go back in time to document and maintain a record for every communication between plaintiffs and defendants, create written policies and procedures to cover every conceivable facet of defendants' business, or to document every occurrence of each day defendants have been in business. This is the type of

4

documentation plaintiffs seek. Defendants state that they have produced all documents that exist. The Court cannot compel the production of documents that do not exist.

Within the category of documents that defendants have allegedly failed to produce is a small sub-category of documents that plaintiffs argue have not been produced that defendants contend were not actually requested. Plaintiffs argue that defendants failed to produce an image of an ID badge and the contract between Integrity and CrimShield, the company that Integrity utilized to perform background checks. Plaintiffs argue this information should have been produced in response to request 61, which requests:

> Documents sufficient to describe Defendants' hiring process of Cable Installers, and any documents reflecting or related to the hiring or retention of Cable Installers, including but not limited to written or online job applications, interview outlines, and documents on notes prepared related to interviews of Cable Installers.

Plaintiffs' argument is without merit. The Court will not compel defendants to provide documents that are not responsive to plaintiffs' submitted requests.

Additionally, plaintiffs argue that defendants failed to produce copies of Integrity's contracts with regional cable companies. Plaintiffs argue this information should have been produced in response to request number 15, which requests:

> All policies, procedures, directives, or communications regarding the job duties, descriptions, or responsibilities and/or daily activities of Cable Installers created, or in effect during any time during the Class Period.

While it may be arguable that the contracts with the regional cable companies are conceivably relevant to the subject matter of this request, the request does not clearly seek those contracts. If plaintiffs were seeking the contracts, the fault lies with plaintiffs

in not making a simple direct request.  Again, the Court will not compel defendants to provide documents that are not responsive to plaintiffs' submitted requests.

Finally, plaintiffs complains that with regard to the request for "written policies and procedures governing installers," defendants' understanding of the words "policy" and "procedure" is too narrow "given defendants' failure to produce memoranda and checks distributed to cable installers."  Plaintiffs' overly broad interpretation of their request is not credible.  Defendants' response that there are no written policies or procedures other than a manual that has been produced is sufficient.  Additionally, the Court notes that defendants state that they have produced memoranda given to installers.

## IV. Conclusion

In sum, this Court sustains defendants' objections to plaintiffs' requests for documents related to cable installers other than the three named plaintiffs.  In that regard, plaintiffs' motion to compel is denied.  In all other respects, the Court finds that defendants have produced all of the documentation that was requested and is available and, therefore, the motion to compel is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel (ECF #114) is **DENIED.**

Dated this 22nd day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE