UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYAN PENNINGTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:12CV5 SNLJ |
| | ) |
| INTEGRITY COMMUNICATIONS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Bill of Costs. The case was tried to a jury and a verdict returned for defendants on June 19, 2014. Defendants' Bill of Costs was filed on June 26, 2014 and seeks $6,848.80 in fees for printed deposition transcripts necessarily obtained for use in this case.

Plaintiffs object to the assessment of costs and request that this Court exercise its discretion to deny the costs. Plaintiffs maintain that they pursued the instant lawsuit reasonably and in good faith. Plaintiffs argue that the Court should refrain from an assessment of costs because it would place an undue financial burden on them as low wage earners and due to the economic disparities between plaintiffs and defendants. Further, plaintiffs contend that awarding costs would have a chilling effect on litigants bringing lawsuits for unpaid wages pursuant to the FLSA. Finally, in the event that costs are awarded, plaintiffs Steve Pennington Sr. and Steve Pennington Jr. allege that costs should not be assessed against them as opt-in plaintiffs, as opposed to named plaintiffs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Taxable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcript necessarily obtained for use in the case; (3) fees and disbursement for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

"A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 843 (8th Cir. 2005). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). "[T]he district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stories, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). Joint and several liability among plaintiffs for costs is the general rule unless equity otherwise dictates. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002).

This Court finds that the costs sought by defendants are allowed by Rule 54(d)(1) and § 1920 and are adequately documented. Further, the Court finds that plaintiffs have

not overcome the presumption that the prevailing party is entitled to costs. These costs will be awarded in full. The Court has considered the economic hardship argued by plaintiffs in making its decision. The Eighth Circuit has upheld the award of costs under Rule 54(d) in similar situations in which the district court considered the economic hardship of the parties against whom costs were assessed. *See Lampkins v. Thompson,* 337 F.3d 1009, 1017 (8th Cir.2003) (award of costs to federal law enforcement agents and against indigent prisoners); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir.1983) (award of costs to major corporation and against individual plaintiff of "limited financial resources").

Further, the Court does not believe that awarding costs to defendants in this matter would have a chilling effect on potential future litigants. Finally, costs will be assessed to all plaintiffs jointly and severally. Contrary to plaintiffs' contentions, plaintiffs Steve Pennington Sr. and Steve Pennington Jr. joined the action as party plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Bill of Costs (ECF #234) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of defendants and against plaintiffs in the amount of $6,848.80.

Dated this 11th day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3