UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BRYAN PENNINGTON, et al., )
 )
      Plaintiffs, )
 )
v. ) Case No. 1:12CV5 SNLJ
 )
INTEGRITY COMMUNICATIONS, )
INC., et al., )
 )
      Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' post-trial motions. The motions have been fully briefed and are ripe for disposition. For the following reasons, the Court will deny plaintiffs' motions.

**I.**     **Background**

Plaintiffs filed a multi-count complaint against defendants Integrity Communications, Inc., Integrity Communications, LLC, Holly Rehder, and Ray Rehder (collectively, "defendants"), seeking to recover unpaid wages, liquidated damages, attorney fees, and other relief from defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), the Missouri Minimum Wage Law, § 290.500 RSMo. et seq., and Missouri common law. The case was tried to a jury. Prior to trial, plaintiffs dismissed their claims for FLSA minimum wage law violations, FLSA retaliation regarding the discharge of plaintiff Bryan Pennington, Missouri minimum

wage law violations, quantum meruit, and unjust enrichment. Additionally, plaintiffs dismissed defendant Integrity Communications, LLC. The claims pending for trial included FLSA overtime and ERISA denial of health and welfare benefit. The jury returned a verdict in favor of the defendants on all of plaintiffs' claims.

## II. Legal Standard

### A. Motion for New Trial

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Federal Rule of Civil Procedure 59(a)(1)(A). Under this Rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell,* 86 F.3d 1472, 1480 (8th Cir. 1996). This Court "is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)).

With respect to legal errors, a miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.,* 120 F.3d 146, 148 (8th Cir. 1997). Errors in evidentiary rulings or in jury instructions are prejudicial only where the error likely affected the jury's verdict. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 720 (8th Cir. 2008); *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.,* 418 F.3d 820, 833 (8th Cir. 2005). For allegations of instructional error, the court "must determine

2

simply whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *Sherman*, 532 F.3d at 720.

B.  **Motion for Judgment as a Matter of Law**

Under Federal Rule of Civil Procedure 50, if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue, the court may . . . grant a motion for judgment as a matter of law against the party." Fed.R.Civ.P. 50(a). "A jury verdict is entitled to extreme deference" and will not be set aside "unless no reasonable jury could have reached the same verdict on the evidence submitted." *Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1009 (8th Cir. 2008) (citations omitted). The Court must "view the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility." *Douglas County Bank & Trust Co. v. United Fin. Inc.,* 207 F.3d 473, 477 (8th Cir. 2000) (internal quotations omitted).

III. **Discussion**

Plaintiffs allege that they are entitled to a new trial because (1) the verdict was against the weight of the evidence; and (2) the jury was misled by evidence presented by defendants that had no bearing on the ultimate determination to be made. Additionally, plaintiffs contend there were legal errors requiring a new trial including (1) instruction number 8 did not fairly and adequately represent the applicable law because it did not include language regarding the remedial purpose of the FLSA; (2) the Court failed to instruct the jury to disregard Holly Rehder's testimony referring to plaintiffs' attorneys as

3

thieves; and (3) the Court required plaintiffs to testify a second time as to calculation of damages. In the alternative, plaintiffs allege that they are entitled to judgment as a matter of law because the evidence does not support the jury's verdict.

### A. Motion for New Trial

Plaintiffs argue that the verdict is contrary to the weight of the evidence because the evidence demonstrates that plaintiffs were employees, as opposed to independent contractors, under the economic realities test. "[T]he courts do not apply the traditional common law analysis to distinguish between 'employees,' to whom the FLSA applies, and 'independent contractors,' to whom it does not." *Dole v. Amerilink Corp.*, 729 F.Supp. 73, 76 (E.D. Mo. 1990). "Rather, the analysis focuses on the 'economic reality' of the employment relationship." *Id.* (citations omitted). Courts consider six factors to determine the economic reality of the working relationship including:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
(4) whether the service rendered requires a special skill;
(5) the degree of permanency and duration of the working relationship;
(6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id*. "The Court may not make its determination based on one particular factor, but rather must look to all the circumstances of the work activity." *Id*. (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1476, 91 L.Ed. 1772 (1947)).

4

"Moreover, 'the factors are not exhaustive, nor can they be applied mechanically to arrive at a final determination of employee status.'" *Id.*

For their motion, plaintiffs cite only to the evidence that they claim leads to the conclusion that they were employees. Plaintiffs fail to discuss the evidence that supports the finding by the jury that plaintiffs were independent contractors. There were substantial factual disputes that were significant in the six factor analysis of the economic realities of the working relationship. Plaintiffs bore the burden of proof. There was conflicting testimony from plaintiffs and defendants, and it "was the proper function of the jury to consider the conflicting testimony and to resolve the credibility question." *McBryde v. Carey Lumber Co.*, 819 F.2d 185, 189 (8th Cir. 1987). This Court, having also heard the testimony and viewed the evidence, cannot say that the verdict was against the weight of the evidence. Instead, there was sufficient evidence presented by defendants that supports the verdict.

Control: There was evidence that defendants exercised no control over how plaintiffs did their work. Supervisors usually had no contact with plaintiffs after handing out work orders issued by the cable companies. There were no supervisors at job sites watching how plaintiffs worked or directing them what to do. The plaintiffs were free to decide how to best perform particular jobs based upon their training and experience. Plaintiffs could trade jobs with other installers. Any requirements for how installers completed jobs were set by the cable companies, not defendants. Defendants also offered testimony that plaintiffs could choose which days to work, which days to take off, and were free to work only partial days.

Opportunity for profit or loss based on managerial skill: There was evidence that a plaintiff's work ethic and planning determined how much money he could make. Plaintiff Steve Pennington Sr., who had more years of experience, out-earned plaintiffs Steve Pennington Jr. and Bryan Pennington. Plaintiffs could make more money by being efficient and making wise business decisions. Plaintiffs could choose to change the cable systems where they worked based on pay, geographical location, and the effects the jobs would have on them.

Investment in equipment or materials: Plaintiffs provided their own tools, vehicles, insurance, and phones. Plaintiffs paid for their own meals, gas, and other expenses except for hotel rooms on occasion. All of the equipment plaintiffs installed was owned by the cable companies. Plaintiffs had the option of hiring workers to work with them.

Special skill: Plaintiffs possessed special skills acquired through training and experience allowing them to perform cable installation work and to complete work orders in the most efficient manner possible. Plaintiffs had to be able to work on different computers and have carpentry skills.

Permanency and duration of the work relationship: Plaintiffs Steven Pennington Jr. and Bryan Pennington worked with defendants for only short periods of time. Steve Pennington Sr. worked for a longer period of time with defendants but his tax records show he also worked for other companies during the same years he worked with defendants. Defendants offered testimony that the nature of the cable installation business is itinerant and inconsistent with the number of techs needed fluctuating

dramatically from time to time. Specifically, as to defendants' business the number of techs needed at any time ranged from a low of 30 to over 100.

<u>Work performed integral part of business</u>: The parties agree that the installation work performed by plaintiffs is an integral part of defendants' business. Of course, this stems from the nature of the cable installation business. This factor alone is not determinative but must be weighed with the evidence on the other factors.

Based on the foregoing, there was sufficient evidence from which a reasonable jury could return a verdict in favor of defendants. This Court finds that the verdict was not contrary to the weight of the evidence and plaintiffs' motion on this basis is denied.

Additionally, plaintiffs argue that the jury's verdict demonstrates it relied upon evidence presented by defendants that had no bearing on the ultimate determination and, therefore, the verdict is contrary to the weight of the evidence. Plaintiffs contend defendants offered irrelevant evidence that the jury must have relied on to come to its verdict. Plaintiffs do not point to any error in the admission of testimony but merely assert certain testimony was irrelevant. Further, plaintiffs make their argument based only on the testimony of two witnesses called by the defendants disregarding other testimony offered by the defendants and testimony obtained during cross-examination of the plaintiffs. Again, there was sufficient evidence for the jury to render a verdict in defendants' favor. Plaintiffs' motion for a new trial on this basis is denied.

Plaintiffs further contend they are entitled to a new trial based on alleged legal errors. First, plaintiffs allege that instruction number 8 did not fairly and adequately represent the applicable law because it did not include language regarding the remedial

7

purpose of the FLSA. Counsel for the parties and the Court spent a significant amount of time on this instruction. The instruction includes a three paragraph introduction followed by the six economic reality factors. The introduction sets forth the threshold issue (independent contractor or employee), states the FLSA definition of employee and employer, and instructs the jury that it must determine the threshold issue in light of the economic realities of the entire relationship between the parties. For each factor, the instruction provides information as to circumstances supporting a finding of an employer/employee relationship versus an independent contractor. Following the six factors, there is a paragraph setting forth the law on applying the factors in making the ultimate determination of the degree of dependence of the alleged employee for his livelihood on the alleged employer.

Plaintiffs argue that the legislative purposes underlying the act must be conveyed to the jury to guide the ultimate determination of plaintiffs' status under the FLSA citing *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297, 299 (5th Cir. 1975) and *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976). Contrary to plaintiffs' contention, *Mednick* and *Usery* do not stand for the proposition that the remedial nature of the FLSA must be conveyed to the jury. In fact, *Mednick* or *Usery* did not involve jury trials. Although not binding on this Court, what is significant from those cases is that the ultimate determination is the degree of dependence of alleged employees on the business with which they are connected and that the factors aid in that determination. This was specifically set forth in instruction 8.

Viewed in light of the evidence and applicable law, including the economic realities analysis set forth in the *Dole* case, this Court finds that instruction 8 fairly and adequately represented the applicable law. Plaintiffs' motion for new trial on this basis is denied.

For their second allegation of legal error, plaintiffs maintain they were prejudiced because the Court failed to instruct the jury to disregard Holly Rehder's testimony referring to plaintiffs' attorneys as thieves. On this issue, plaintiffs misstate the circumstances and testimony. In fact, plaintiffs' counsel elicited the testimony at issue. Plaintiffs' counsel pursued a line of questioning to obtain testimony from Rehder that she created an Independent Subcontractor Reference Guide in response to this lawsuit in an effort to keep people from trying to steal from her. When plaintiffs' counsel objected to the only response by Rehder that referred to plaintiffs' attorneys suing companies like hers, the answer was stricken by the Court. Thereafter, plaintiffs' counsel continued the line of questioning. The only objection at issue was sustained and plaintiffs were granted the relief they sought. Further, the jury instructions included an admonishment that testimony stricken from the record is not evidence and must not be considered. Plaintiffs' motion for new trial on this basis is denied.

Finally, plaintiffs allege that they are entitled to a new trial because the trial court committed legal error by ***requiring*** plaintiffs to testify a second time as to calculation of damages. Once again, plaintiffs misstate the circumstances. There was a dispute between the parties as to how damages would be calculated if the plaintiffs were determined to be employees. Based on pretrial pleadings and conferences with the Court,

9

plaintiffs were aware that productive hours and nonproductive hours, and not just total hours, could be involved in the damages calculation. Initially, plaintiffs only offered testimony that would support their method of calculating damages. When plaintiffs rested, the Court informed plaintiffs that their method was not supported by the law and stated the method of calculating damages found to be proper by the Court that required testimony by plaintiffs as to productive and nonproductive hours. Because plaintiffs' testimony was insufficient on this issue, the Court *allowed* plaintiffs an opportunity to offer additional testimony. Plaintiffs chose to take that opportunity. Plaintiffs' argument that the Court *required* the plaintiffs to testify a second time as to the calculation of damages is an inaccurate statement of the facts and is without merit. Further, there could only be error if the Court's decision on the method of calculation of damages was erroneous. Plaintiffs were not prejudiced by the opportunity to present additional evidence that was required for the proper damages calculation. Moreover, because the jury determined plaintiffs were independent contractors, and not employees, the jury did not reach the issue of damages and plaintiffs cannot show prejudice.

  B. Motion for Judgment as a Matter of Law

Plaintiffs allege that they are entitled to judgment as a matter of law because the evidence does not support the jury's verdict. In response, defendants suggest that the motion should be denied because plaintiffs did not make an oral or written motion for judgment as a matter of law on the issue of plaintiffs' status as employees or independent contractors. It is without question that plaintiffs did not file a written motion for judgment as a matter of law during the trial and before the verdict. Plaintiffs did,

however, make an oral motion at the close of all evidence arguing that the evidence proved plaintiffs were employees. The motion was overruled.

As discussed above, there was sufficient evidence from which a reasonable jury could find for defendants. The evidence significant in the six factor analysis of the economic realities of the working relationship was disputed. Plaintiffs bore the burden of proof. The jury weighed the evidence, made their credibility determinations, and found in favor of defendants. Again, this Court, having heard the testimony and viewed the evidence, finds that there was a legally sufficient evidentiary basis for the jury to find that the plaintiffs were independent contractors. Because the Court finds the evidence supports the jury's verdict, plaintiffs' motion for judgment as a matter of law is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for judgment as a matter of law or in the alternative for new trial (ECF #239) is **DENIED**.

Dated this 29th day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE